UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARRY R. SCHOTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  14-1212 (BAH) |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

This action brought under the Freedom of Information Act ("FOIA") concluded on April 20, 2016, with the Court's entry of judgment for the Defendant.  The plaintiff, Barry R. Schotz, has moved separately for reconsideration of the judgment, ECF No. 41, and for fees and costs, ECF No. 43.  The defendant has opposed each motion, ECF No. 52.  For the reasons explained below, the plaintiff's motions will be denied.

**1.  The Plaintiff's Motion to Reconsider**

The plaintiff seeks relief under Fed. R. Civ. P. 60(b)(2) and (b)(6).  *See* Recon. Mot. at 1. Those provisions provide in relevant part as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . .
>
> (6) any other reason that justifies relief.

1

Fed. R. Civ. P. 60(b)(2) and (6).  Under Rule 60(b)(6), the Court has " 'broad authority to relieve

a party from a final judgment . . . provided that the motion . . . is not premised on one of the

grounds for relief enumerated in clauses (b)(1) through (b)(5)[.]' " *Salazar ex rel Salazar v.*

*District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Liljeberg v. Health Services*

*Acquisition Corp.*, 486 U.S. 847, 863 (1988)).  Furthermore, "relief under Rule 60(b)(6) is

appropriate only in extraordinary circumstances."  *Cohen v. Bd. of Trustees of the Univ. of the*

*D.C.*, 819 F.3d 476, 485 (D.C. Cir. 2016) (quoting *Kramer v. Gates*, 481 F.3d 788, 790 (D.C. Cir.

2007) (other citation and internal quotation marks omitted)).

The party seeking relief under Rule 60(b) bears the burden of proof to show that he is

entitled to the relief.  *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).  A "threshold

requirement for obtaining [such] relief" is the demonstration of "a meritorious claim or defense

to the motion upon which the district court dismissed the complaint."  *Murray v. District of*

*Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (citation and internal quotation marks omitted)); *see*

*Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014) (noting that in the context of a Rule 60(b)

motion, "it is well-established that movants must show that their underlying claims have at

least some merit").  This "established . . . precondition" assures that "vacating [a] judgment will

not be an empty exercise or a futile gesture."  *Murray*, 52 F.3d at 355.  "[T]he decision to grant

or deny a rule 60(b) motion is committed to the discretion of the District Court."  *United Mine*

*Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993).  In exercising

this discretion, the Court "must balance the interest in justice with the interest in protecting the

finality of judgments."  *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

The plaintiff contends that he "is entitled to Summary Judgment on Claims 2 & 10" based on purported newly discovered evidence.  Recon. Mot. at 4.  He posits: "[i]t was not that BOP did not reasonably search the records they noted, it is that they limited the search to sources they knew would not produce the records[.]"  *Id*. at 3.  The plaintiff has produced no direct evidence to corroborate that assertion.  Rather, he proffers a cover letter dated April 26, 2016, to show that the BOP released 574 pages of records responsive to his FOIA request processed in 2016, *see id*., Ex. A, and he suggests that a few of those pages were responsive to the earlier requests underlying claims two and ten, *see* Recon. Mot. at 3-4.

"[T]he only evidence that qualifies as 'newly-discovered' evidence within the meaning of the rule justifying setting the judgment aside is evidence of facts that were in existence at the time of the original trial or that relate directly to the facts that were tried."  *Lans v. Gateway 2000, Inc.*, 110 F. Supp. 2d 1, 4 (D.D.C. 2000) (quoting 12 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 60.42[3] (3d ed. 1999)); *see accord Lindsey v. D.C.*, 609 F. Supp. 2d 71, 78 (D.D.C. 2009) ("To satisfy the requirements of Rule 60(b)(2), 'the movant must demonstrate,' *inter alia*, that 'the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding.'") (quoting *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 68 (D.D.C. 2008) (other citations omitted)).  The BOP's 2016 release determination is dated after the date of the final judgment entered in this case, and it involves a 2016 FOIA request that was not a subject of this action either initially or by amendment.  Therefore, the plaintiff's claim of newly discovered evidence is unavailing.  Nevertheless, the fact that the 2016 release might have included pages responsive to the plaintiff's earlier requests would not warrant reopening this matter since it is possible that the defendant's "reasonable and thorough search may have

missed them[.]"  *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003).

Moreover, reopening this matter would prove futile.  The plaintiff appears to be satisfied with

BOP's 2016 release, and "however fitful or delayed the release of information under the FOIA

may be, once all requested records are surrendered, federal courts have no further statutory

function to perform."  *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).  Even if the plaintiff is

not satisfied, he must as a general rule exhaust his administrative remedies with the agency

before obtaining judicial review.  *See Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("[T]he

FOIA's administrative scheme 'favors treating failure to exhaust as a bar to judicial review.' ")

(quoting *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)).

**2.  The Plaintiff's Motion for Costs**

   In a *pro se* action, the FOIA permits a district court to "assess against the United States .

. . litigation costs reasonably incurred in any case . . .  in which the [pro se plaintiff] has

substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  A party substantially prevails if he "has

obtained relief through either . . . a judicial order . . .  or . . . a voluntary or unilateral change in

position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)

(4)(E)(ii).  "Thus, a plaintiff substantially prevails when he or she can demonstrate that 'the

institution and prosecution of the litigation cause[d] the agency to release the documents

obtained during the pendency of the litigation.'"  *Dorsen v. United States Sec. & Exch. Comm'n*,

15 F. Supp. 3d 112, 118 (D.D.C. 2014) (quoting *Church of Scientology of California v. Harris*, 653

F.2d 584, 587 (D.C. Cir. 1981)).

   In exercising its discretion to award costs under the FOIA, a court must first determine

the plaintiff's eligibility for such an award, *i.e.*, whether he substantially prevailed in the

litigation, and then his entitlement to the requested costs. *See United Amer. Financial, Inc. v. Potter*, 770 F. Supp. 2d 252, 254-55 (D.D.C. 2011) (citing *Weisberg v. U.S. Dep't of Justice*, 848 F.2d 1265, 1268 (D.C. Cir. 1988); *Burka v. U.S. Dep't of Health & Human Serv.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998)).   The plaintiff is ineligible for an award because (1) he did not prevail by judicial order, and (2) the agency was not compelled by this lawsuit to act but had in fact released responsive records prior to its commencement. *See* Apr. 20, 2016 Mem. Op. at 2-9.

Even if eligible, the plaintiff is not entitled to an award.  An award of costs "is usually inappropriate" when, as here, the plaintiff is seeking the records for purely personal reasons. *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (citation and internal quotation marks omitted); *see Dorsen*, 15 F. Supp. 3d at 122-23 ("Where a plaintiff has a commercial benefit or a personal interest in pursuing litigation, 'an award of fees is generally inappropriate' because there is already sufficient motivation for the claimant to bring suit without the promise of attorneys' fees.") (quoting *Fenster v. Brown*, 617 F.2d 740, 743 (D.C. Cir. 1979)).  Furthermore, in exercising its discretion to award costs, a court typically considers four factors but one, the reasonableness of an agency's withholdings, "may be dispositive . . . '[i]f the Government's position is correct as a matter of law[.]'" *Schotz v. Samuels*, 72 F. Supp. 3d 81, 92 (D.D.C. 2014) (quoting *Davy v. CIA*, 550 F.3d 1155, 1162 (D.C. Cir. 2008) (other citation omitted)).  Such is the situation here since the plaintiff has not contested the defendant's claimed exemptions, and the Court has found them properly supported. *See* Mem. Op. at 12; *cf. Schotz*, 72 F. Supp. 3d at 92 (concluding same).

For the foregoing reasons, the plaintiff's motion to reconsider the judgment under Fed. R. Civ. P. 60(b) is denied, as is his motion for litigation costs.  A separate Order accompanies this Memorandum Opinion.

/s/ *Beryl A. Howell*
_____
CHIEF JUDGE

DATE:  November 3, 2016